UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAN VARGHESE JACOB, et al.,<br><br>    Plaintiffs,<br><br>      v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Case No. 21-cv-00261-JD<br><br>**ORDER DISMISSING COMPLAINT**<br>Re: Dkt. No. 1 |

The complaint in this case attempts to allege nine claims under the United States Constitution and the Administrative Procedure Act, 5 U.S.C. § 706, against certain Presidential Proclamations said to impede the processing of "family-based immigration visas." Dkt. No. 1 ¶ 7195. The complaint names 2,438 individual plaintiffs in 81 countries who "yearn for a life in the shining city upon a hill." *Id.* ¶ 1. The complaint is 831 pages long, and plaintiffs have filed a self-styled "emergency" motion for injunctive relief, and a motion to certify a class. Dkt. Nos. 4, 5.

The case cannot go forward on the complaint as it currently stands. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a plaintiff to allege facts sufficient to plausibly state a claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The sprawling allegations for thousands of plaintiffs in the 831 pages of the complaint do not satisfy these basic pleading requirements. The body of the complaint is thin on facts and long on rhetoric and wholly conclusory statements. The massive length of the complaint exponentially

compounds its lack of clarity and readability.  Overall, the complaint does not reasonably or fairly apprise defendants of the claims that they might be called upon to answer.  It also prevents the Court from meaningfully assessing whether plaintiffs are likely to prevail *vel non* on the ostensible merits, which is the essential element of preliminary injunctive relief.  *See Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, No. 20-CV-09253-JD, 2021 WL 75756, at *3 (N.D. Cal. Jan. 8, 2021).

Consequently, the Court dismisses the complaint on its own motion, with leave to amend.  Plaintiffs may file an amended complaint that is consistent with this Order by February 19, 2021.  Failure to meet this deadline may result in dismissal under Rule 41(b).  All pending motions are terminated without prejudice and may be renewed as warranted after the filing of an amended complaint.  Plaintiffs are also directed to comply with Civil L.R. 3-12 with respect to any potential overlap of their claims with those in *Young et al v. Trump et al*, Case No. 20-cv-07183-EMC.

**IT IS SO ORDERED.**

Dated: January 13, 2021

JAMES DONATO
United States District Judge